UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WOLFE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE CO., A corporation; SHERYL BARR, an individual; and DOES 1 through 250, inclusive,<br><br>    Defendants. | Case No. SA CV07-0836-DOC (RNBx)<br><br>**PROTECTIVE ORDER**<br><br>NOTE: CHANGES MADE BY THE COURT |

Having considered the Stipulation, and good cause appearing, the Stipulation is APPROVED AND SO ORDERED.

1. All documents, things, or other materials containing confidential information produced or disclosed by State Farm in the course of the litigation of this action shall be subject to this Protective Order.

2. The following categories of documents and information, among others, are confidential:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.

a. Information regarding State Farm's current and former employees, including, but not limited to, the names, addresses, telephone numbers of State Farm's current and former employees, and any other information the disclosure of which would violate the employees' right of privacy; and

b. Information which would potentially impair State Farm's competitive position in the industry, including, but not limited to, policies and procedures, company manual, documents identifying clients, contracts, quotations, and pricing information.

3. Documents or information produced or disclosed hereafter that fall into the aforementioned paragraph and covered by this Protective Order will either be stamped "CONFIDENTIAL" or referred to as being confidential. Access to confidential information or documents, so designated as "CONFIDENTIAL," as well as the matters contained therein, shall be limited to the Court, any jury, arbitrator, or other trier or determiner of fact, to a mediator who has been mutually agreed upon by the parties, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

(c)  court reporter(s) employed in this action;

(d)  a witness at any deposition or other proceeding in this action; and

(e)  any other person as to whom the parties in writing agree.

Further, said individuals and said entities (other than the Court, any jury, arbitrator, or other trier or determiner of fact, or mediator) shall have access only after being informed of the provisions of this Protective Order and only after agreeing in writing (by signing "Attachment A" attached hereto) to be bound by it.

4. The terms and conditions of this Protective Order shall apply retroactively to the time of commencement of this matter. All documents or information previously produced or disclosed that fall under the categories set forth in paragraph 2 of this Protective Order constitute materials covered by the terms of this Agreement and are hereby designated as "CONFIDENTIAL."

5. Individuals and entities permitted access pursuant to paragraph (3) hereof to confidential documents or information, or parts thereof, designated confidential pursuant to paragraph (2) hereof, are hereby ordered not to show, convey or reproduce any documents so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said answers or documents under the provisions of this Protective Order.

6. Any document or other information designated as confidential, if filed with a Court or in any public forum, or any brief referring to any such document or

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

information, shall be submitted and lodged under seal and shall be made available only to the Court and persons authorized by the terms of this Protective Order to have access thereto. The party filing such a confidential document or information shall be responsible for designating to the Clerk or other persons that it is subject to this Protective Order and to be kept under seal. At the conclusion of this case, such confidential documents or information that have thus been filed with the Court under seal shall be returned to the respective party.

7. If a deponent refuses to agree to the nondisclosure provisions of this Protective Order, as provided in paragraph (3) hereof, disclosure of the confidential document or information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances the witnesses shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

8. The parties may designate any portion of a deposition or other discovery response as confidential. Materials so designated shall be subject to the same confidentiality and notice requirements as documents designated pursuant to the above paragraphs and shall be filed under seal. The entire deposition or other discovery response may be filed under seal for the convenience of the parties, but only the designated portions shall be deemed subject to the above confidentiality and notice requirements.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4.

9. Nothing in this Protective Order shall be construed as limiting State Farm's right to seek a Protective Order with respect to the use of confidential documents or information at the trial in this matter, or in discovery or litigation of this matter.

10. This Protective Order shall not be construed as a waiver of any right to object to the admissibility of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery, nor shall it be construed as a waiver of any other rights under the law pertaining to possession or use of information.

11. This Protective Order is made without prejudice to State Farm's rights to designate as confidential any additional documents or information that may be requested in the future. However, any such document or information will be so designated as confidential.

12. In the event any person or party shall violate or threaten to violate any term of this Protective Order, the parties agree that State Farm may immediately apply to obtain injunctive relief against any such person or party violating or threatening to violate any terms of this Protective Order, and in the event State Farm shall do so, the responding person or party subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that either party possesses an adequate remedy at law.

13. Any document or other information designated as confidential may be

5.

used only for the purpose of prosecution, defense, discovery, mediation or settlement of this action and not for any other purpose.

14. Upon final termination of this action, Plaintiff's counsel shall assemble and return all confidential documents and information to counsel for State Farm and neither Plaintiff, her counsel, nor any third-party may retain a copy of such documents or information. Within five (5) days of the termination or settlement of this action, Plaintiff's counsel and/or any person or entity in possession of any confidential documents or information shall surrender to State Farm's counsel all confidential documents and information in its possession, custody or control and must also execute and furnish to State Farm's counsel the Surrender of Confidential Information and Testimony Agreement, in the form of "Attachment B."

15. The terms of this Protective Order shall survive the final termination of this action and shall be binding on the parties thereafter.

**16. Documents subject to this order may be filed under seal only by specific order of the Court. If a party desires to file a document subject to this order under seal, the party shall submit a stipulation signed by all parties explaining specifically what documents are at issue and why they deserve heightened protection from disclosure. If the parties are unable to reach a stipulation, the party desiring the file under seal may submit an *ex parte* application, explaining both why the Court should allow the filing to be under**

1 **seal and also why the parties were unable to reach a stipulation. Only in**
2
3 **exceptional circumstances will the Court allow briefs to be filed under seal.**
4
5 **IT IS SO ORDERED.**
6 Dated: June 18, 2008

*David O. Carter*

7 DAVID O. CARTER
United States District Court Judge

Attachment A

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Stipulated Protective Order in this action.

(2) I hereby agree to comply with and be bound by the terms and conditions of said Protective Order and will not disclose any of the confidential information or confidential testimony to any third person.

(3) I further agree that on the termination or settlement of this action, I will surrender all confidential information or confidential testimony which is in my possession, custody or control in the manner set forth in paragraph 14 of the Protective Order.

Dated: _____          _____
                                  [Print Name]


                                  _____
                                  [Sign Name]

Attachment B

8.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

SURRENDER OF CONFIDENTIAL INFORMATION
AND TESTIMONY AGREEMENT

  The undersigned hereby represents that pursuant to paragraph 14 of the Stipulated Protective Order, all confidential information and/or confidential deposition testimony within the undersigned's possession, custody or control was surrendered to the party designating such information.

  The surrender of all confidential information and/or confidential deposition testimony occurred on or about _____, at the law offices of Littler Mendelson in Irvine, California.

Dated: _____  _____
                [Print Name]

                _____
                [Sign Name]

\\landc\home$\rdunne\My Documents\Wolfe v. State Farm\(Proposed) Protectiver Order.doc

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308